UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIENVENIDO P. ONG,

                Plaintiff,

     -against-                              25-CV-2122 (LTS)

CVS PHARMACY,                      ORDER OF DISMISSAL

                Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se*, initiated this action by filing an unsigned document that included his financial information and possibly sections of his complaint. By order dated March 25, 2025, the Court directed Plaintiff, within 30 days of that order, (1) to complete, sign, and submit an application to proceed *in forma pauperis* ("IFP"), and (2) to complete, sign, and submit a complaint form. On the same day the Court issued its order, the Court received a document that appeared to be very similar to the first document received in this case; Plaintiff, however, did not submit a complaint. On April 14, 2025, the Court received notification from the United States Postal Service that its March 25, 2025 order was returned because it was not deliverable to Plaintiff's address of record. On May 6, 2025, Plaintiff filed a notice of change of address, and, on May 19, 2025, the Court mailed a copy of its order to Plaintiff at his new address. On July 18, 2025, the order sent to his new address was returned to the court as undeliverable.

      Accordingly, the Court dismisses this action without prejudice because Plaintiff did not submit a complaint or a completed IFP application. Should Plaintiff seek relief from the defendant, he may initiate a new civil action by filing a signed complaint. *See* Fed. R. Civ. P. 3

("A civil action is commenced by filing a complaint with the court."). He also must either pay the $405 in fees to initiate a new civil action or submit a signed and completed IFP application.

## CONCLUSION

The Court dismisses this action because Plaintiff did not file a complaint, as required under Rule 3 of the Federal Rules of Civil Procedure, without prejudice to Plaintiff's filing a new civil action with a complaint and an IFP application.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   July 25, 2025
        New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge